UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.:  6:12-CV-560-ORL-22KRS

BELLEAIR EAST HCC, LLC d/b/a BELLEAIR
HEALTH CARE CENTER; CENTRE POINTE
HRC, LLC d/b/a CENTRE POINTE
HEALTH & REHABILITATION CENTER;
CONWAY LAKES NC, LLC d/b/a CONWAY
 LAKES REHABILITATION CENTER; DEEP
CREEK RNC, LLC d/b/a PORT CHARLOTTE
REHABILITATION CENTER; EAST BAY NC, LLC
d/b/a EAST BAY NURSING CENTER; MELBOURNE
TERRACE RCC, LLC d/b/a MELBOURNE
TERRACE REHABILITATION CENTER; and
SPRING LAKE NC, LLC d/b/a SPRING LAKE
REHABILITATION CENTER,

      Plaintiffs/Counterclaim Defendants,

v.

OMNICARE, INC. and OMNICARE PHARMACY OF
FLORIDA, LP,

      Defendants/Counterclaim Plaintiffs,

v.

CLEAR CHOICE HEALTH CARE, LLC and
SOVEREIGN HEALTHCARE HOLDINGS, LLC,

      Counterclaim Defendants.

_____/

**COUNTERCLAIM DEFENDANTS', BELLEAIR EAST HCC, LLC d/b/a BELLEAIR
HEALTH CARE CENTER; CENTRE POINTE HRC, LLC d/b/a CENTRE POINTE
HEALTH & REHABILITATION CENTER; CONWAY LAKES NC, LLC d/b/a CONWAY
LAKES REHABILITATION CENTER; DEEP CREEK RNC, LLC d/b/a PORT
CHARLOTTE REHABILITATION CENTER; EAST BAY NC, LLC d/b/a EAST BAY
NURSING CENTER; MELBOURNE TERRACE RCC, LLC d/b/a MELBOURNE
TERRACE REHABILITATION CENTER; SPRING LAKE NC, LLC d/b/a SPRING
LAKE REHABILITATION CENTER and CLEAR CHOICE HEALTH CARE, LLC,
ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM PLAINTIFFS',
OMNICARE, INC. and OMNICARE PHARMACY OF FLORIDA, LP, COUNTERCLAIM**

Counterclaim Defendants, BELLEAIR EAST HCC, LLC d/b/a BELLEAIR

HEALTH CARE CENTER; CENTRE POINTE HRC, LLC d/b/a CENTRE POINTE

1

HEALTH & REHABILITATION CENTER; CONWAY LAKES NC, LLC d/b/a CONWAY LAKES REHABILITATION CENTER; DEEP CREEK RNC, LLC d/b/a PORT CHARLOTTE REHABILITATION CENTER; EAST BAY NC, LLC d/b/a EAST BAY NURSING CENTER; MELBOURNE TERRACE RCC, LLC d/b/a MELBOURNE TERRACE REHABILITATION CENTER; SPRING LAKE NC, LLC d/b/a SPRING LAKE REHABILITATION CENTER, and CLEAR CHOICE HEALTH CARE, LLC (hereinafter "Counterclaim Defendants"), by and through the undersigned counsel, pursuant to F. R. C. P. 12, hereby respond to Counterclaim Plaintiffs', OMNICARE, INC. and OMNICARE PHARMACY OF FLORIDA, LP (hereinafter "Omnicare" and "Omnicare of Florida" respectively), Counterclaim as follows:

## PARTIES, JURISDICTION & VENUE

1.      Admitted that Omnicare of Florida is a Delaware limited partnership registered to do business in Florida.  Counterclaim Defendants are without knowledge to admit or deny whether Omnicare of Florida's principal place of business is located in Cincinnati, Ohio, or whether Omnicare of Florida is indirectly owned by a Delaware corporation and is the successor by merger to Badger Acquisition of Tampa, LLC d/b/a Bay Pharmacy, a Delaware limited liability company with its principal place of business in Cincinnati, Ohio.

2.      Admitted that Omnicare is a Delaware corporation.  Counterclaim Defendants are without knowledge to admit or deny whether Omnicare of Florida's principal place of business is located in Cincinnati, Ohio.

3.      Admitted.

4.      Admitted.

5.     Admitted that SOVEREIGN HEALTHCARE HOLDINGS, LLC is a Delaware limited liability company with a registered agent in Dover, Delaware. However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph five (5.)

6.     Admitted that BELLEAIR EAST HCC, LLC d/b/a Belleair Healthcare Center is a Georgia limited liability company authorized to conduct business in Florida with a principal place of business in Atlanta, Georgia, which at all times relevant to this action, held a license to operate a skilled nursing facility located at 1150 Ponce de Leon Boulevard in Clearwater, Florida, and which required pharmaceutical and related products and services.   However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph six (6.)

7.     Admitted that CENTRE POINTE HRC, LLC d/b/a Centre Pointe Health & Rehabilitation Center is a Georgia limited liability company authorized to conduct business in Florida with a principal place of business in Atlanta, Georgia, which at all times relevant to this action, held a license to operate a skilled nursing facility located at 2255 Centerville Road in Tallahassee, Florida, and which required pharmaceutical and related products and services.   However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph seven (7.)

8.     Admitted that CONWAY LAKES NC, LLC d/b/a Conway Lakes Health & Rehabilitation Center, as successor in interest to MHC/CSI Florida, Inc. d/b/a Mariner Health of Conway Lakes, is a Georgia limited liability company authorized to conduct business in Florida with a principal place of business in Atlanta, Georgia, which at all times relevant to this action, held a license to operate a skilled nursing facility located at 5201 Curry Ford Road in Orlando, Florida, and which required pharmaceutical and

related products and services.   However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph eight (8.)

9.     Admitted that DEEP CREEK RNC, LLC d/b/a Port Charlotte Rehabilitation Center is a Georgia limited liability company authorized to conduct business in Florida with a principal place of business in Atlanta, Georgia, which at all times relevant to this action, held a license to operate a skilled nursing facility located at 25325 Rampart Boulevard in Port Charlotte, Florida, and which required pharmaceutical and related products and services.   However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph nine (9.)

10.     Admitted that EAST BAY NC, LLC d/b/a East Bay Nursing Center, successor in interest to MHC/CSI Florida, Inc. d/b/a Mariner Health of Clearwater, is a Georgia limited liability company authorized to conduct business in Florida with a principal place of business in Atlanta, Georgia, which at all times relevant to this action, held a license to operate a skilled nursing facility located at 4470 East Bay Drive in Clearwater, Florida, and which required pharmaceutical and related products and services.   However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph ten (10.)

11.     Admitted that MELBOURNE TERRACE RCC, LLC d/b/a Melbourne Terrace Rehabilitation Center, as successor in interest to MHC/CSI Florida, Inc. d/b/a Mariner Health of Melbourne, is a Georgia limited liability company authorized to conduct business in Florida with a principal place of business in Atlanta, Georgia, which at all times relevant to this action, held a license to operate a skilled nursing facility located at 251 Florida Avenue in Melbourne, Florida, and which required

pharmaceutical and related products and services.  However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph eleven (11.)

12.     Admitted that SPRING LAKE NC, LLC d/b/a Spring Lake Rehabilitation Center, is a Georgia limited liability company authorized to conduct business in Florida with a principal place of business in Atlanta, Georgia, which at all times relevant to this action, held a license to operate a skilled nursing facility located at 1540 6th Street NW in Winter Haven, Florida, and which required pharmaceutical and related products and services.   However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph twelve (12.)

13.     This is an allegation to which no response is required.

14.     This is an allegation to which no response is required.

15.     This is an allegation to which no response is required.

16.     This is an allegation to which no response is required.

17.     Admitted that SBK Capital, LLC is the managing member for each of the "Facility Owners" as defined by Counterclaim Plaintiffs.  It is further admitted that SBK Capital, LLC is a Georgia limited liability company whose managing member is Samuel B. Kellett, and that Samuel B. Kellett is also the managing member of Clear Choice Health Care, LLC.  However, Counterclaim Defendants deny each and every remaining allegation contained in paragraph seventeen (17.)

18.     Admitted for jurisdictional purposes only.   However, Counterclaim Defendants deny that Counterclaim Plaintiffs have an actionable claim against them for damages.

19.     Admitted   for   jurisdictional   purposes   only.     However,   Counterclaim Defendants deny that Counterclaim Plaintiffs have an actionable claim against them or Sovereign for damages.

20.     Admitted.

## FACTUAL ALLEGATIONS

### I.     The Master Agreement with Sovereign

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Admitted.

### II.     The Facility Agreements

27.     Admitted that on or about April 1, 2003, Omnicare of Florida, as successor in interest to Compass/APS Longwood, entered into a Pharmacy Products and Services Agreement with Conway Lakes.  Otherwise, Counterclaim Defendants deny each and every remaining allegation contained in paragraph twenty-seven (27.)

28.      Admitted that on or about December 1, 2003, Omnicare of Florida, as successor in interest to Badger Acquisition of Tampa, LLC d/b/a Bay Pharmacy entered into a Pharmacy Products and Services Agreement with Belleair, Deep Creek, East Bay, and Spring Lake.  It is further admitted that Omnicare of Florida, as successor in interest to Compass/APS of Longwood, entered into a Pharmacy Products and Services Agreement with Melbourne.  Otherwise, Counterclaim Defendants deny each and every remaining allegation contained in paragraph twenty-eight (28).

6

29.   Admitted.

30.   Admitted that pursuant to each of the Sovereign Pharmacy Products and Services Agreements and the Centre Pointe Pharmacy Products and Services Agreement, Omnicare of Florida agreed to supply pharmacy products and services to the Facilities and their residents and that the "Facility Owners" agreed to pay Omnicare of Florida for such supplies and services within sixty days of receipt of a monthly invoice.   Otherwise, Counterclaim Defendants deny each and every remaining allegation contained in paragraph thirty (30.)

31.   Admitted that pursuant to each of the Sovereign Pharmacy Consultant Agreements and the Centre Pointe Pharmacy Consultant Agreement, Omnicare of Florida agreed to provide pharmacy consulting services to the Facilities, including supervision of the facilities' pharmaceutical services.   It is further admitted that in consideration for these services, the Sovereign Facilities agreed to pay a monthly fee per licensed and occupied resident bed, in addition to an hourly fee for additional services, within sixty days of receipt of a monthly invoice.   Otherwise, Counterclaim Defendants deny each and every remaining allegation contained in paragraph thirty-one (31.)

32.   Admitted.

33.   Counterclaim Defendants deny the allegations contained in paragraph thirty-three (33.)

**III.    Performance and Default Under the Facility Agreements**

34.   Denied.

35.   Denied.

36.   Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Admitted that Omnicare of Florida has attempted to collect amounts purportedly owed by the "Facility Owners" and that the "Facility Owners" have declined to pay the amounts Omnicare of Florida contends is due.  However, Counterclaim Defendants deny that Omnicare of Florida is entitled to the amounts purportedly due and owing.

42.    Admitted that Counterclaim Composite Exhibit "B" purports to be Omnicare of Florida's counsel's demand letters which were sent to each of the "Facility Owners" for payment.  It is further admitted that the "Facility Owners" refused to remit such payments.  However, Counterclaim Defendants deny that Omnicare of Florida is entitled to the amounts specified in the demand letters.

**IV.    Clear Choice's Interference with the Master Agreement and Sovereign Facility Agreements**

   ***A.    Clear Choice Caused the Sovereign Facilities to Short Pay Invoices***

43.    Admitted.

44.    Admitted that Clear Choice Health Care, LLC advised Omnicare that it was the successor management company for the Sovereign Facilities effective October 1, 2009 and that the management agreements for the Sovereign Facilities expired on September 30, 2009.   Counterclaim Defendants deny the remaining allegations contained in paragraph forty-four (44.)

45.     Counterclaim Defendants lack information or belief sufficient to respond to the allegations contained in paragraph forty-five (45) and basing denial on that ground, deny each and every allegation contained therein.

46.     Admitted that section 9(j) of the Master Agreement provides in part that , "neither this Agreement nor any Standard Facility Pharmacy Products and Services Contract shall be assigned, in whole or in part by any party hereto or thereto, without the prior written consent of the other party or parties."

47.     Counterclaim Defendants lack information or belief sufficient to respond to the allegations contained in paragraph forty-seven (47) and basing denial on that ground, deny each and every allegation contained therein.

48.     Denied.

49.     Admitted that paragraph 9.p.(vii) of the Master Agreement provides:

> Until any dispute is resolved through mutual agreement or binding arbitration, each party shall continue to observe all other terms of this Agreement; provided, however, that if the parties' dispute relates to the rates and fees to be charged to any Sovereign Facility or group of Sovereign Facilities, then the rates and fees in effect for such Sovereign Facility or group of Sovereign Facilities while the arbitration is pending shall be the rates that Sovereign contends should be in effect.  In addition to the foregoing fees and costs, if any such arbitration is resolved in favor of Omnicare, then Sovereign shall pay to Omnicare an amount equal to the difference between the rates and fees that Sovereign alleged should have been in effect and the rates and fees determined by the arbitration panel.

It is further admitted that no request for arbitration as been filed by the Sovereign Facilities.  However, Counterclaim Defendants deny the remaining allegations contained in paragraph forty-nine (49).

50.     Denied.

51.     Denied.

9

52.    Denied.

**B.    Clear Choice Caused the Sovereign Facilities to Improperly Terminate the Sovereign Facility Agreements**

53.    Denied.

54.    Admitted that on or about October 29, 2009, the Sovereign Facilities counsel sent termination letters to Omnicare.  Counterclaim Defendants deny each and every remaining allegation contained in paragraph fifty-four (54.)

55.    Admitted that on or about October 29, 2009, the Sovereign Facilities' counsel sent letters to Omnicare, notifying Omnicare that the management agreements between Sovereign and the Sovereign Facilities expired on September 30, 2009, such that each Sovereign Facility ceased to be a "Sovereign Facility" as defined under the Master Agreement.    Otherwise, Counterclaim Defendants deny the remaining allegations contained in paragraph fifty-five (55.)

56.    Admitted that the termination letters sent by the Sovereign Facilities to Omnicare cite to section 4.5 of each Sovereign Facility Agreement, which provides:

> Effect of Termination of Master Pharmacy Products and Services Agreement:  In the event that the Master Pharmacy Products and Services Agreement is terminated for any reason, this Agreement shall become and continue to be subject to termination by either party without cause and without penalty upon sixty (60) days prior written notice.

It is further admitted that the termination letters sent state that such notice was provided on August 5, 2009.    Otherwise, Counterclaim Defendants deny the remaining allegations contained in paragraph fifty-six (56.)

57.    Denied.

58.    Denied.

59.    Denied.

10

60.   Admitted that section 4.3 of the Sovereign Facility Agreements provides:

> Termination upon Divestiture or Closure of Facility: If Facility ceases to be affiliated with Sovereign by reason of sale, non-renewal or termination of a lease, or non-renewal or termination of a management agreement, then Facility will seek to assign this Agreement to any new operator of Facility.  If such new operator refuses to accept assignment of this Agreement, Facility may terminate the Agreement by providing ten (10) days written notice to Pharmacy prior to the closing of the transaction that results in the Facility becoming unaffiliated with Sovereign.

However, Counterclaim Defendants deny the remaining allegations contained in paragraph sixty (60.)

61.   Denied.

62.   Admitted.

63.   Denied.

64.   Denied.

65.   Admitted that Centre Pointe's counsel notified Omnicare on or about October 23, 2009 that Centre Pointe was electing to terminate Centre Pointe's Pharmacy Products and Services Agreement.  However, Counterclaim Defendants deny the remaining allegations contained in paragraph sixty-five (65.)

66.   Admitted that paragraph 4.1 of the Centre Pointe Agreements provides:

> …Upon the expiration of the Initial Term, this Agreement shall automatically continue until terminated by either party, with or without cause, with no less than ninety (90) days prior written notice to the other; provided, however, that in the event the Facility chooses to send such ninety (90) days notice of termination, the Facility and Pharmacy will schedule a meeting with Facility and Pharmacy management to go over any issues and to discuss the reason(s) the Facility wants to terminate.  If possible, the Pharmacy shall be given the opportunity to address any of these reason(s) and to negotiate a new agreement with the Facility.

However, Counterclaim Defendants deny the remaining allegations contained in paragraph sixty-six (66.)

67.     Denied.

68.     Denied.

69.     Denied.

70.     Counterclaim Defendants lack information or belief sufficient to respond to the allegations contained in paragraph seventy (70) and basing denial on that ground, deny each and every allegation contained therein.

71.     Counterclaim Defendants lack information or belief sufficient to respond to the allegations contained in paragraph seventy-one (71) and basing denial on that ground, deny each and every allegation contained therein.

### COUNT I: BREACH OF CONTRACT
### (Omnicare of Florida v. The Sovereign Facility Owners)

72.     Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Admitted.

77.     Denied as to every allegation contained within paragraph seventy-seven (77), including subsections (a) – (c).

78.     Denied.

79.     Denied.

## COUNT II: OPEN ACCOUNT
### (Omnicare of Florida v. The Sovereign Facility Owners)

80.     Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

81.     Admitted that count II of Counter Plaintiffs' counterclaim purports to assert a cause of action against the Sovereign Facility Owners for open account.  However, Counterclaim Defendants deny that Counter Plaintiffs have an actionable claim for open account against them.

82.     Denied.

## COUNT III: GOODS SOLD, DELIVERED AND ACCEPTED
### (Omnicare of Florida v. The Sovereign Facility Owners)

83.     Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

84.     Admitted that count III of Counter Plaintiffs' counterclaim purports to assert a cause of action against the Sovereign Facility Owners for goods sold, delivered and accepted.  However, Counterclaim Defendants deny that Counter Plaintiffs have an actionable claim for goods sold, delivered and accepted against them.

85.     Denied.

86.     Admitted that the Sovereign Facility Owners paid the invoices for pharmaceutical goods sold and delivered by Omnicare of Florida for a period of time, but eventually ceased doing so due to overpayment.  However, Counterclaim Defendants deny that Omnicare of Florida properly invoiced the Sovereign Facility Owners for goods and services that were provided pursuant to the parties' Agreements.

87.    Denied.

## COUNT IV: UNJUST ENRICHMENT
### (Omnicare of Florida v. The Sovereign Facility Owners)

88.    Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

89.    Admitted that count IV of Counter Plaintiffs' counterclaim purports to assert a cause of action against the Sovereign Facility Owners for unjust enrichment. However, Counterclaim Defendants deny that Counter Plaintiffs have an actionable claim for unjust enrichment against them.

90.    Denied.

91.    Admitted that Counterclaim Defendants accepted and retained pharmaceutical goods and services provided by Omnicare of Florida for which Counterclaim Defendants were overcharged.   Otherwise, Counterclaim Defendants deny each remaining allegation contained within paragraph ninety-one (91.)

92.    Denied.

## COUNT V: QUANTUM MERUIT
### (Omnicare of Florida v. The Sovereign Facility Owners)

93.    Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

94.    Admitted that count V of Counter Plaintiffs' counterclaim purports to assert a cause of action against the Sovereign Facility Owners for quantum meruit.   However, Counterclaim Defendants deny that Counter Plaintiffs have an actionable claim for quantum meruit against them.

95.     Admitted that Counterclaim Defendants received pharmaceutical goods and services provided by Omnicare of Florida for which Counterclaim Defendants were overcharged.   Otherwise, Counterclaim Defendants deny each remaining allegation contained in paragraph ninety-five (95.)

96.     Admitted.

97.     Admitted.

98.     Denied.

## COUNT VI: BREACH OF CONTRACT
## (Omnicare of Florida v. Centre Pointe)

99.     Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Admitted.

104.     Denied as to every allegation contained within paragraph one hundred and four (104), including subsections (a) – (b).

105.     Denied.

106.     Denied.

## COUNT VII: OPEN ACCOUNT
## (Omnicare of Florida v. Centre Pointe)

107.     Counterclaim Defendants re-allege and incorporate herein by reference, their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

108.    Admitted that count VII of Counter Plaintiffs' counterclaim purports to assert a cause of action against Centre Pointe for open account.    However, Counterclaim Defendants deny that Counter Plaintiffs have an actionable claim for open account against Centre Pointe.

109.    Denied.

## COUNT VIII: GOODS SOLD, DELIVERED AND ACCEPTED
### (Omnicare of Florida v. Centre Pointe)

110.    Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

111.    Admitted that count VIII of Counter Plaintiffs' counterclaim purports to assert a cause of action against Centre Pointe for goods sold, delivered and accepted. However, Counterclaim Defendants deny that Counter Plaintiffs have an actionable claim for goods sold, delivered and accepted against Centre Pointe.

112.    Denied.

113.    Admitted that Centre Pointe paid the invoices for pharmaceutical goods sold and delivered by Omnicare of Florida for a period of time, but eventually ceased doing so due to overpayment.  However, Counterclaim Defendants deny that Omnicare of Florida properly invoiced Centre Pointe for goods and services that were provided pursuant to the parties' Agreements.

114.    Denied.

## COUNT IX: UNJUST ENRICHMENT
### (Omnicare of Florida v. Centre Pointe)

115.   Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

116.   Admitted that count IX of Counter Plaintiffs' counterclaim purports to assert a cause of action against Centre Pointe for unjust enrichment.   However, Counterclaim Defendants deny that Counter Plaintiffs have an actionable claim for unjust enrichment against Centre Pointe.

117.   Denied.

118.   Admitted that Centre Pointe accepted and retained pharmaceutical goods and services provided by Omnicare of Florida for which Centre Pointe were overcharged.   Otherwise, Counterclaim Defendants deny each remaining allegation contained within paragraph one hundred eighteen (118) as phrased.

119.   Denied.

## COUNT X: QUANTUM MERUIT
### (Omnicare of Florida v. Centre Pointe)

120.   Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

121.   Admitted that count X of Counter Plaintiffs' counterclaim purports to assert a cause of action against Centre Pointe for quantum meruit.   However, Counterclaim Defendants deny that Counter Plaintiffs have an actionable claim for quantum meruit against Centre Pointe.

17

122.    Admitted that Centre Pointe received pharmaceutical goods and services provided by Omnicare of Florida for which Centre Pointe overcharged.    Otherwise, Counterclaim Defendants deny each remaining allegation contained in paragraph one hundred twenty-two (122.)

123.    Admitted.

124.    Admitted.

125.    Admitted that Centre Pointe retained pharmaceutical goods and services provided by Omnicare of Florida.    However, Counterclaim Defendants deny that such pharmaceutical goods and services were retained by Centre Pointe without payment.

## COUNT XI: BREACH OF CONTRACT
### (Omnicare v. Sovereign)

126.    Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

127.    As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.    However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

128.    As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.    However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

129.    As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.    However, to the extent that

these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

130.    As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.  However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

131.    As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.  However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied, including subsections (a) – (b).

132.    As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.  However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

## COUNT XII: GUARANTY
## (Omnicare v. Sovereign)

133.    Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

134.    As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.  However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

135.   As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.  However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

136.   As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.  However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

137.   As the allegations contained within this paragraph are not directed to these Counterclaim Defendants, no response is required.  However, to the extent that these allegations pertain to these Counterclaim Defendants or otherwise implicate these Counterclaim Defendants, the allegations are expressly denied.

## COUNT XIII: TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP
### (Omnicare of Florida and Omnicare v. Clear Choice)

138.   Counterclaim Defendants re-allege and incorporate herein by reference their responses to paragraphs one (1) through seventy-one (71), inclusive, as though set forth at length herein.

139.   Admitted.

140.   Denied as to every allegation contained within paragraph one hundred forty (140) of the counterclaim, including subsections (a) – (d).

141.   Denied.

142.   Denied that Counter Plaintiffs have an actionable claim for punitive damages against Clear Choice Health Care, LLC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that any recovery for damages by Counter Plaintiffs is barred by the terms of the Master Agreement and/or Pharmacy Products and Services Agreements.

### SECOND AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that Counter Plaintiffs have failed to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that they properly complied with the terms of the Master Agreement and Pharmacy Products and Services Agreements for termination of the Agreements with Counter Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that Counter Plaintiffs' claims are barred by the doctrine of unclean hands, as Counter Plaintiffs materially breached the terms of the Master Agreement and Pharmacy Products and Services Agreements, engaged in fraud by falsely submitting invoices which were not in compliance with the pricing provisions of the Master Agreement, and violated the Florida Deceptive and Unfair Trade Practices Act.

### FIFTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that any damages recovered by Counter Plaintiffs should be set off by the amount of overpayments made by Counterclaim Defendants due to Counter Plaintiffs' improper billing practices.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that Counter Plaintiffs are not entitled to the recovery of damages, because such recovery would result in unjust enrichment.  It would be inequitable for Counter Plaintiffs to retain additional financial compensation for products and services which Counterclaim Defendants did not receive.

## SEVENTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that Counter Plaintiffs' claims are barred because the Master Agreement and Pharmacy Products and Services Agreements were induced by fraud.  Counter Plaintiffs made representations and guarantees to Counterclaim Defendants regarding certain pricing provisions, upon which Counterclaim Defendants relied, and which resulted in Counterclaim Defendants being billed for pharmaceutical products and services at increased prices in violation of the pricing provisions of the Master Agreement

## EIGHTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that Counter Plaintiffs' claims are barred because Counter Plaintiffs have already received financial compensation, in excess amounts, for the pharmaceutical products and services provided to Counterclaim Defendants.

## NINTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that Counter Plaintiffs' claims are barred by the doctrines of estoppel, waiver and laches.

WHEREFORE, Counterclaim Defendants deny that Counter Plaintiffs are entitled to the relief sought in the counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the United States District Court Middle District of Florida via CM/ECF this 25th day of October, 2012 which provided notice to: Scott B. Cosgrove, Kasowitz, Benson, Torres & Friedman, LLP, The Four Seasons Tower, 1441 Brickell Avenue, Suite 1420, Miami, FL 33131 and Robin N. Khanal, Quintairos, Prieto, Wood & Boyer, P.A., 255 S. Orange Avenue, Suite 900, Orlando, Florida 32801.

       ___/s/ Janice L. Merrill _____
       JANICE L. MERRILL
       Florida Bar No.: 0124257
       Jlmerrill@mdwcg.com
       CHANEL A. MOSLEY
       Florida Bar No.: 0070045
       camosley@mdwcg.com
       MARSHALL, DENNEHEY, WARNER,
       COLEMAN, & GOGGIN
       A Professional Corporation
       Landmark Center One
       315 E. Robinson Street, Suite 550
       Orlando, FL 32801-2719
       Telephone:   407-420-4380
       Telecopier:   407-839-3008
       Attorney for Plaintiffs

21/495750.v1